NO. 13-14-00689-CV

FILED
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

12/17/15

sDorian E. Ramirez
CLERK

IN THE

THIRTEENTH COURT OF APPEALS

AT CORPUS CHRISTI, TEXAS

RECEIVED
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

DEC 17 2015

DORIAN E. RAMIREZ, CLERK
BY_____

FRANKIE WAYNE NEALY,
APPELLANT,

v.

ROBIN MICHELLE NEALY,
APPELLEE

APPEALED FROM THE 36th JUDICIAL DISTRICT COURT OF

SAN PATRICIO COUNTY, TEXAS

IN CAUSE NO. S-12-5439FL-A

APPELLANT'S BRIEF

FILED BY:

FRANKIE NEALY # 1714921
APPELLANT-PRO SE
ELLIS UNIT
1697 FM 980
HUNTSVILLE, TEXAS 77343

APPELLANT REQUESTS ORAL ARGUMENT

RECEIVED

DEC 17 2015

13th COURT OF APPEALS

## IDENTITY OF PARTIES AND COUNSEL

**TRIAL COURT**

36th Judicial District Court
Honorable Judge Starr Boldrick Bauer
400 W. Sinton Street
Sinton, TX 78387

**RESPONDENT-APPELLANT**

Frankie Nealy # 1714921
Ellis Unit
1697 FM 980
Huntsville, TX 77343

**RESPONDENT'S TRIAL COUNSEL**

Frankie Nealy # 1714921
pro se
Ellis Unit
1697 FM 980
Huntsville, TX 77343

**RESPONDENT'S APPEAL COUNSEL**

Frankie Nealy # 1714921
pro se
Ellis Unit
1697 FM 980
Huntsville, TX 77343

**PETITIONER-APPELLEE**

Robin Nealy
101 Rice Drive
Portland, TX 78374

**PETITIONER'S TRIAL COUNSEL**

Mary Rachel Sheeran
Bar no. 10176450
P.O. Box 592447
San Antonio, TX 78259
(830)386-8017

**PETITIONER'S APPEAL COUNSEL**

Danice Obregon
Bar no. 90001525
802 N. Carancahua Ste. 2100
Corpus Christi, TX 78401
(361)884-5400

i.

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .................... i

INDEX OF AUTHORITIES .................... iii

STATEMENT OF THE CASE .................... vii

STATEMENT ON ORAL ARGUMENT .................... vii

ISSUES PRESENTED .................... viii

STATEMENT OF FACTS .................... 1

SUMMARY OF THE ARGUMENT .................... 12

PLEADING STANDARD .................... 13

ARGUMENT .................... 13

    ISSUE 1: The trial court conducted prohibited ex parte communication.

    ISSUE 2: The trial court abused its discretion in denying Appellant's motions for continuances.

    ISSUE 3: The trial court erred when it withdrew order of decree bifurcating the case without notice.

    ISSUE 4: The trial court erred when it denied Appellant his right to a jury trial.

    ISSUE 5: The evidence is legally and factually insufficient to support the judgment.

    ISSUE 6: The trial court abused its discretion erroneously admitting evidence.

    ISSUE 7: The trial court's findings of fact are legally and factually insufficient.

    ISSUE 8: The trial court abused its discretion in refusing to rule on Appellant's motion for issuance of a bench warrant.

PRAYER .................... 49

CERTIFICATE OF SERVICE .................... 49

# INDEX OF AUTHORITIES

## CASE LAW

Abdygapparova v. State, 243 S.W.3d 191(Tex.App.-San Antonio 2007)... 14,16

Baxla v. Baxla, 522 S.W.2d 736(Tex.Civ.App.-Dallas 1975, no writ) .. 35

Blake v. Lewis, 886 S.W.2d 404(Tex.App.-Houston[1st Dist.] 1994) ... 19,27

Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48(Tex.2002) ................ 18

Boyd v. Boyd, 131 S.W.3d 605(Tex.App.-Fort Worth 2004) ............. 37

Catalina v. Blasdel, 881 S.W.2d 295(Tex.1994) ..................... 45

City of Brownsville v. Alvarado, 897 S.W.2d 750(Tex.1995) ......... 42

City of Houston v. Cotton, 171 S.W.3d 541(Tex.App.-Houston[14th Dist.]
        --2005, pet. denied) ...................................... 47

City of Keller v. Wilson, 168 S.W.3d 802(Tex.2005) ............... 37,40

Clemons v. Citizens Med. Center, 54 S.W.3d 463(Tex.App.-Corpus Christi
        --2001) ................................................. passim

Cusack v. Cusack, 491 S.W.2d 714(Tex.Civ.App.-Corpus Christi, 1973
        --writ dism'd w.o.j.) ................................... 35,38

Dodd v. Dodd, 17 S.W.3d 714(Tex.App.-Houston[1st Dist.]2000) ....... 47

Dow Chem. Co. v. Francis, 46 S.W.3d 237(Tex.2001) ................. 38,41

Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238(Tex.1985) ..... 37

Dyer v. Dyer, no. 02-10-00171-CV, 2011 Tex.App.LEXIS 5017(Tex.App.-
        --Fort Worth 2011)(not desig. for pub.) ................. 37,38

Ellason v. Ellason, 162 S.W.3d 833(Tex.App.-Dallas 2005) .......... 13,17

Erskine v. Baker, 22 S.W.3d 537(Tex.App.-El Paso 2000, pet. denied). 17

Granger v. Granger, 236 S.W.3d 852(Tex.App.-Tyler 2007, pet. denied) 37,40

Green v. TDPRS, 25 S.W.3d 213(Tex.App.-El Paso 2000, pet. denied) .. passim

Halsell v. Dehoyos, 810 S.W.2d 371(Tex.1991) ..................... 31,33

Hardin v. Hardin, 932 S.W.2d 566(Tex.App.-Tyler 1995, no writ) ..... passim

Huddle v. Huddle, 696 S.W.2d 895(Tex.1985) ....................... 30,33

In re Doe, 19 S.W.3d 249(Tex.2001) ................................. 30,33

In re D.R., 177 S.W.3d 574(Tex.App.-Houston[1st Dist.] 2005, pet.

    --denied) ......................................... 34

In re Easton, 203 S.W.3d 438(Tex.App.-Houston[14th Dist.] 2006) .... 14,17

In re G.F.O., 874 S.W.2d 729(Tex.App.-Houston[1st Dist.] 1994) ..... 44

In re marriage of Beach, 97 S.W.3d 706(Tex.App.-Dallas 2003, no pet.) 38,39

In re marriage of Richards, 991 S.W.2d 32(Tex.App.-Amarillo 1999) ... passim

In re Thoma, 873 S.W.2d 477(Tex.Rev.Trib. 1994, no appeal) .......... 13,14,16

In re Z.L.T., 124 S.W.3d 163(Tex.2003) .............................. 33

IPCO-G. & C. Joint Venture v. A.B. Chance Co., 65 S.W.3d 252(Tex.

    --App.-Houston[1st Dist.] 2000, pet. denied) ................ 13,16

Isassi v. State, 330 S.W.3d 633(Tex.Crim.App.2010) ................. 17.

Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150(Tex.2004) ...... 18

Krishman v. Ramirez, 42 S.W.3d 205(Tex.App.-Corpus Christi 2001, pet.

    --denied) ......................................... 34

Lindsey v. Lindsey, 965 S.W.2d 589(Tex.App.-El Paso 1998, no pet.) .. passim

Martin v. Martin, 776 S.W.2d 572(Tex.1989) ......................... 30,33

Misigario v. Bassowou, 02-10-00473-CV, 2012 Tex.App. LEXIS 467(Tex.

    --App.-Fort Worth 2012)(not desig. for pub.) ............. 38,39

Nance v. Nance, 904 S.W.2d 890(Tex.App.-Corpus Christi 1995, no writ) 47

Nissan Motor Co. v. Armstrong, 145 S.W.3d 131(Tex.2004) ............. 42

Office of the Atty. Gen. v. Burton, 369 S.W.3d 173(Tex.2012) ........ 36

Owen-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35(Tex.1998) ..... 42

Pedraza v. Crossroads Sec. Sys., 960 S.W.2d 339(Tex.App.-Corpus

    --Christi 1997) ........................................ 47

Pegasus Energy Grp. v. Cheyenne Pet. Co., 3 S.W.3d 112(Tex.App.-

    --Corpus Christi 1999, pet. denied) ...................... 47

Pharo v. Chambers County, 893 S.W.2d 264(Tex.App.-Houston[1st Dist.]

    --1995, reh'g denied) ........................................ 13,17

Phifer v. Nacogdoches Cty. Appr. Dist., 45 S.W.3d 159(Tex.App.-

    --Tyler, 2000, pet. denied) ................................. 20,26

Phillips v. Phillips, 75 S.W.3d 563(Tex.App.-Beaumont 2002) ........ 16

Pride Pet. v. Criswell, 924 S.W.2d 720(Tex.App.-El Paso 1996) ...... 20

Puntarelli v. Peterson, 405 S.W.3d 131(Tex.App.-Houston[1st Dist.]

    --2013) ..................................................... 31,33,34

Ringer v. Kimball, 274 S.W.3d 865(Tex.App.-Fort Worth 2008, no pet.) 48

Rymer v. Lewis, 206 S.W.3d 732(Tex.App.-Dallas 2011, pet. denied) .. 17

Service Corp. v. Guerra, 348 S.W.3d 221(Tex.2011) ............... passim

Sheikh v. Sheikh, 248 S.W.3d 381(Tex.App.-Houston[1st Dist.] 2007) . 12

Southern Farm Bur. Cas. Ins. v. Penland, 923 S.W.2d 758(Tex.App.-

    --Corpus Christi 1996, no writ) ............................. 31

Spigener v. Wallis, 80 S.W.3d 174(Tex.App.-Waco 2002) ............. 13,14

State Farm Ins. v. Pults, 850 S.W.2d 691(Tex.App.-Corpus Christi,

    --1993, no writ) ........................................... 20,26

Sterner v. Marathon Oil Co., 767 S.W.2d 686(Tex.1989) ............. 12

Stone v. Morris, 546 F.2d 730(5th Cir.1976) ...................... 48

Strong v. Strong, 350 S.W.3d 759(Tex.App.-Dallas 2011, pet. denied). passim

Szczepanik v. First Southern Trust Co., 883 S.W.2d 648(Tex.1989) ... 36

Taylor v. Taylor, 63 S.W.3d 93(Tex.2001) ......................... 30

U.S. Gov't v. Marks, 949 S.W.2d 320(Tex.1997) .................... 13,16

Vardilos v. Vardilos, 219 S.W.3d 920(Tex.App.-Dallas 2007) ........ 31

Villegas v. Carter, 711 S.W.2d 624(Tex.1986) ..................... 22,26

Watson v. Watson, 286 S.W.3d 519(Tex.App.-Fort Worth 2009) ........ 37,39

Zac Smith & Co. v. Otis Elevator Co., 734 S.W.2d 667(Tex.1987) ..... 38,45,46

# INDEX OF AUTHORITIES(cont'd)

Zuniga v. Zuniga, 13 S.W.3d 798(Tex.App.-San Antonio 1999)............ 48

**CONSTITUTION**

U.S. Const. Amend. 7 ........................ 30,33

U.S. Const. Amend. 14 ........................ passim

Tex. Const. Art. 1, § 10 ........................ 13

Tex. Const. Art. 1, § 15 ........................ 30,33

Tex. Const. Art. 1, § 19 ........................ passim

**RULES**

Tex. R. Civ. Pro. 166a ........................ 33

Tex. R. Civ. Pro. 190.2 ........................ 25,27

Tex. R. Civ. Pro. 215 ........................ passim

Tex. R. Civ. Pro. 216a ........................ 30,33

Tex. R. civ. Pro. 217 ........................ 30

Tex. R. Civ. Pro. 245 ........................ passim

Tex. R. Civ. Pro. 251 ........................ 22

Tex. R. App. Pro. 33.1(a)(1) ........................ 19,30,41

Tex. R. App. Pro. 33.1(a)(2)(A) ........................ 20,26,33

Tex. R. App. Pro. 33.1(d) ........................ 36

Tex. R. App. Pro. 44.1(a)(1) ........................ passim

Tex. R. Evid. 901(b)(3) ........................ 44

**STATUTES**

Tex. Fam. Code § 6.001 ........................ passim

Tex. Fam. code § 6.703 ........................ 30,33

Tex. Pen. Code § 36.04 ........................ 14,17

**OTHER**

Tex. Code Judicial Conduct 3(B)(8) ........................ 13

Tex. Disciplinary Rules of Professional Conduct 3.05(b) ........... 14,16,17

## STATEMENT OF THE CASE

Appellee sued Appellant for a divorce.(CR1:8). Appellant filed an original answer with a general denial.(CR1:20). Appellant subsequently filed a second amended original answer with affirmative defense and counterclaim.(CR1:127). The case was set for a contested divorce hearing.(CR1:84). After a one-day nonjury trial, the court granted Appellee a divorce entering a final decree, but bifurcated a seperate hearing on division of property.(CR1:156-57). Appellant filed a motion for new trial.(CR1:172).

A hearing was set for division of property only.(CR1:167). The court upon calling the case, rescinded its prior divorce decree, to hear the entire divorce again.(CR1:223). After a one-day nonjury trial, the court again granted Appellee a divorce entering a final decree, and ordered Appellee to pay Appellant $500.00 for a vehicle.(CR1:222-25). Appellant filed a second motion for new trial.(CR1: 226-32).

Appellant filed requests for findings of fact and conclusions of law with past-due notices after both hearings.(CR1: 162-63, 170-71, 215-16, 217-18 and 235-36). Appellant filed for a formal bill of exceptions.(CR1:237-77, 294-96). The trial court files late findings of fact and conclusions of law.(CR1:297-99). This appeal followed.

## STATEMENT ON ORAL ARGUMENT

Appellant believes that this Court should grant oral argument for the following reasons:

> a. Oral argument would give the Court a more complete understanding of the facts presented in this appeal. Tex. R. App. P. 39.1(c). The facts presented in this case are complex due to the proceedings that occured in the trial court.

> b. Oral argument would significantly aid the Court in deciding this case. Tex. R. App. P. 38.1(e), 39.1(d). The trial court initially entered a final decree bifucating for property issues, subsequently withdrew its order, and reheard the case anew. Complex issues would be better developed upon enlightening this court with the circumstances surrounding the two hearings.

Appellant requests his appearance for oral argument before this Court via the use of telephonic conferencing technology in accordance with Tex. Gov't Code § 73.003(e), as provided by Tex. Gov't Code 22.302.[1] Should this Court decide oral argument is warranted, by would want Appellant to appear in person, he would then waive oral argument. Appellant does not wish to appear in person.

## ISSUES PRESENTED FOR REVIEW

ISSUE 1: The trial court conducted prohibited ex parte communication.

ISSUE 2: The trial court abused its discretion in denying Appellant's motions for continuances.

ISSUE 3: The trial court erred when it withdrew prior order of decree without notice.

ISSUE 4: The trial court erred when it denied Appellant his right to a jury trial.

ISSUE 5: The evidence is legally and factually insufficient to support the judgment.

ISSUE 6: The trial court abused its discretion erroneously admitting evidence.

ISSUE 7: The trial court's findings of fact are legally and factually insufficient.

ISSUE 8: The trial court abused its discretion in refusing to rule on Appellant's motion for issuance of a bench warrant.

---

[1]See Local Rules, Thirteenth Court of Appeals, Practicing Before the Court, No. 4 Submission and Oral Argument.

## STATEMENT OF FACTS

**I. The marriage.** Appellee, Robin Michelle Nealy married Appellant, Frankie Wayne Nealy on January 9, 2009.(CR1:9). Appellant was on deferred adjudication community supervision at the time of marriage.(P.Ex.A). Appellee was aware of the plea and probation at the time of marriage.(CR1:25).

**II. Appellant's probation revocation.** Appellant was arrested on a motion to revoke his probation on February 11,2011.(RR2:19). After a hearing, the trial court revoked Appellant's probation and sentenced him to prison on April 13, 2011.(P.Ex.A). Appellee was present at the revocation hearing.(CR1:25). Appellant's criminal appeal lawyer filed a motion for new trial with affidavits in support on May 9, 2011.(CR1:27-30). Appellee signed one of these affidavits on May 4, 2011.(CR1:25).

**III. Appellant's transfer to prison.** Appellant was transferred to prison on June 15, 2011.(RR2:15). Appellee traveled to see Appellant in prison on October 15 and 16, 2011.(CR1:31, 179);(RR3:23). During these contact visits, Appellee never advised Appellant their marriage was over, or in discord.(RR3:24). Appellant believed his marriage was solid and wife unwavering after his arrest and arrival at prison.(RR3:40). Appellant learned for the first time over a phone call from prison to Appellee, that this was in fact, not true on November 8, 2011.(RR3:40).

**IV. The filing of divorce and answer.** Appellee filed for divorce, appearing pro se on May 15, 2012.(CR1:8). Appellant filed an original answer of general denial, affirmative defense with pleadings and exhibits in support, appearing pro se on May 29, 2012.(CR1:20-34).

**V. Preliminary motions by Appellant.** Appellant filed a motion for issuance of a bench warrant on May 29, 2012.(CR1:37-40). The trial court denied the motion on June 4, 2012.(CR1:42). Appellant also filed a motion for no-evidence summary judgment and to dismiss on August 13, 2012.(CR1:61-65). Both motions were denied

1.

on August 20, 2012.(CR1:66-67).

VI. Appellee's delay in prosecuting the case. Appellee allowed the case to go unprosecuted for about two years after initiating the suit pro se. cf.(CR1:8); (CR1:72). After the unwarranted delay of two years, Appellee finally retained counsel on May 8, 2014.(CR1:72)

VII. Case settings and pretrial motions. Appellee's trial counsel(hereinafter Appellee) filed a motion for docket control conference and serves discovery requests on Appellant on May 9, 2014.(CR1:73-80). The trial court set the case for a contested divorce hearing for July 7, 2014.(CR1:84). Appellee was to appear in person, while Appellant by telephone conference.(CR1:84). There were no other pretrial orders entered.(CR1:303-04).

Appellant filed a motion for sanctions on Appellee's groundless motion on June 3, 2014.(CR1:91-97). Appellant filed his jury trial demand with unsworn declaration in support on June 3, 2014.(CR1:103-05). Appellant filed a motion for continuance to obtain additional discovery on June 3, 2014.(CR1:106-12). Appellant served Appellee requests of first request for admissions, disclosure and for production on June 3, 2014.(CR1:117). The motion for continuance to obtain additional discovery was denied on June 5, 2014.(CR1:118).

Appellant served Appellee responses to request for disclosure and second request for admissions on June 6, 2014.(CR1:120). Appellant served Appellee responses to request for admissions on June 13, 2014.(CR1:121). Appellant filed an unsworn declaration of inventory of property on June 20, 2014.(CR1:122-25). Appellant filed a second amended original answer of general denial, affirmative defense and counterclaim on June 20, 2014.(CR1:127-28).

Appellant filed a second motion for issuance of a bench warrant on June 20, 2014.(CR1:129-33). The court never entered a ruling.(CR1:303-04). Appellee filed an answer to Appellant's counterclaim on July 3, 2014.(CR1:141-43). Appellee served discovery responses to Appellant's request for admissions, disclosure,

2.

production and second request for admissions on July 3, 2014.(CR1:144).

VIII. The July 7th divorce hearing. On July 7, 2014, the trial court conducted a hearing on the divorce.(RR2:generally). Prior to testimony, neither Appellee nor Appellant were sworn in.(RR2:3). Appellee testified she was the Petitioner in the case.(RR2:3). Appellee testified she was a resident of Texas and the county for the preceding six months.(RR2:3-4). Appellee testified that the marriage had become insupportable due to discord or conflict rendering it irreconciable.(RR2:4). Appellee testified to the date of marriage and seperation.(RR2:4).

Appellee testified there were no children and none were expected.(RR2:4). Appellee testified there was no protective order and no community property.(RR2:4). Appellee testified she sold community property to pay debts and give Appellant money.(RR2:4). Appellant advised that the call "was cutting in and out."(RR2:4). Appellee testified all that was left was Appellant's seperate property awaiting pick-up.(RR2:5). Appellee testified she wanted her name changed.(RR2:5).

Appellee tendered to the court, a certified copy of Appellant's judgment of conviction out of Nueces County.(RR2:6). Appellant objects on grounds of not receiving a copy prior to trial.(RR2:6). The trial court initially went to sustain Appellant's objection, but first asked Appellee had she provided exhibits to Appellant.(RR2:7). Appellee's counsel responded in the negative, arguing they were public records.(RR2:7). The exhibits were admitted.(RR2:7).

Appellant moved for a continuance on grounds of him not being provided exhibits prior to trial, advising the court discovery was largely incomplete.(RR2:7). The court denied the request for continuance on basis the case had been on file for over a year.(RR2:7). Appellant questioned the court's ruling.(RR2:8). The court advised Appellant he had over a year to bring a motion to compel.(RR2:8). Appellant advised that Appellee left the case unprosecuted for two years before retaining counsel, and upon request, he timely responded to requests for

3.

discovery, and requested his right to discovery.(RR2:8). Appellee stated she had been served with discovery and responded.(RR2:8). Appellant testified he had not received discovery responses.(RR2:8-9).

The court advised it was shown a certified mail receipt bearing Appellant's signature.(RR2:9). Appellant testified that particular receipt was only for Appellee's counsel initial contact after being retained, not on the discovery matters in question.(RR2:9). Appellant advised he has timely served and requested discovery.(RR2:9).

Appellant testified that additional discovery would show Appellee lied, support claims of fraud on community and seperate property and forgery.(RR2:9-10). Appellee states she has letters in her possession, where Appellant told Appellee to sell everything.(RR2:10). Appellee stated it was in her response to disclosure and that it may not have arrived to Appellant in time.(RR2:10). Appellant again advised the call "was cutting in and out."(RR2:10). Appellant again requests an oral motion for continuance for discovery purposes.(RR2:11). Appellant advised the court that several of his motions remain pending.(RR2:11). Appellant advised he has had no prior opportunity to authenticate or review the material, since he has not received it.(RR2:11). Appellant also requested his request for admissions be deemed admitted on allegations of fraud, and issue of insupportability rendered moot.(RR2:11). The court denied deemed admissions.(RR2:11-12).

The court states discovery by Appellant was not timely.(RR2:12). Appellant advised his discovery requests were timely.(RR2:12). Appellant also advised there were material fact issues, and he presented that to the court with his original answer.(RR2:14-15). Appellant testified the sepration date is not correct. (RR2:15-16). Appellee testified that the marriage was insupportable with no chance of reconciliation.(RR2:18). Appellant testified there was a material fact issue before the court.(RR2:19-21). The court and Appellant engaged in a colloquy concerning the disputed fact issue, his date of arrest, the seperation date and

4.

perjury by Appellee.(RR2:21-23).

The discussion went back to discovery.(RR2:24-25). Appellant advised he did try to contact Appellee by mail for two years when she was pro se, but his mail was returned to sender.(RR2:26); see also, (CR1:110-11). Appellant advised that Appellee had just recently retained counsel, and upon notice and request, he timely responded and requested discovery.(RR2:26). Appellee stipulated to having just retained counsel only a mere two months prior to the hearing.(RR2:26). Appellee also conceded to returning Appellant's mail based on threatning content. Appellant objects on not being provided discovery of "threatning" letters.(RR2: 27).

The court reversed its position, finding that Appellant had honestly tried to communicate with Appellee and was unable to until she retained counsel.(RR2: 28). The court acknowledged Appellant was a "sitting duck" after Appellee retained counsel.(RR2:28). The court advised it was under the impression that Appellee's trial counsel had been on the case longer than two months.(RR2:28). The court however, advised it was granting the divorce, but found merit to Appellant's argument of not having time for adequate discovery.(RR2:28-29).

Appellant requests all motions before the court have a ruling.(RR2:29). The court continues to ignore the substance of Appellant's arguments.(RR2:29). The court advises that a seperate hearing will be held on property issues.(RR2:30). The court advises Appellant will likely receive discovery in a couple of days. (RR2:31). The court abruptly concluded the hearing.(RR2:31).

IX. Post-July 7th Hearing. The trial court enters a final decree of divorce, granting it on insupportability, jury was waived, and ordered a bifurcated trial on property.(CR1:157-58). Appellant filed request for findings of fact and conclusions of law on July 22, 2014.(CR1:162-63). The court sets the case for a final hearing on property for September 22, 2014.(CR1:167-69). Appellant filed a notice of past-due findings of fact and conclusions of law on August 12, 2014.

5.

CR1:170-71). Appellant filed a motion for new trial on August 12, 2014.(CR1:172-92). Appellant filed a second motion for sanctions.(CR1:204-11).

**X. The September 22nd property hearing-pretrial.** On September 22, 2014, the court conducted a hearing on property.(RR3:generally). Appellee and Appellant were sworn in.(RR3:3). The court stated "[i]t had taken the ruling on July 7th I guess you would say under advisement and was told that the divorce has been granted improvidently."(RR3:3). The court further stated "[I] am setting aside the order of July 7th and today we are here to hear the divorce which does include the division of property."(RR3:3). The court asked if Appellant had any questions about that.(RR3:3).

Appellant advised he had no prior notice that the court had withdrawn its original order, and he requested an oral motion for continuance.(RR3:3). The court advised the case had been on file since 2012 and denied Appellant's request for continuance.(RR3:4). Appellant then advised he had pretrial motions to be heard.(RR3:4). Appellant first advised he had a motion for sanctions.(RR3:4). The court deferred on it until the case was Appellant's.(RR3:4).

Appellant next advised that just 45 minutes before the hearing, he received a package containing exhibits from Appellee, that would likely be tendered to the court.(RR3:5). Appellant advised the exhibits were untimely since this was material based on his original request for production.(RR3:5). Again, Appellant requested a continuance, arguing the exhibits were voluminous, were untimely, that he would seek to challenge on authentication and he needed time to prepare. (RR3:5). Appellee advised that the exhibits are letters from Appellant's own handwriting, that she had proof of when they were delivered, and could not control mail delivery at Appellant's prison.(RR3:5). Appellant advised he had just received them that day.(RR3:6). Appellant also alleges the letters may be fabricated, and that this was Appellee's trial counsel's second untimely discovery.

6.

(RR3:6).

Appellant pointed out that in his timely request for production, that he be provided all documentation prior to the July hearing.(RR3:6). Appellant advised they were not.(RR3:6). Appellant advised that now some two months later, he is now being provided discovery from his request in June, despite discovery being closed.(RR3:6). Appellant also advised he just got the documents just "mere" hours before the hearing, and no time to prepare.(RR3:6). The court stated Appellant's objections were preserved, that he may still object to the admission of the documents, but denied another request for continuance.(RR3:7).

Appellant then questioned that in light of the rescinded order, would discovery reopen.(RR3:7). The court stated no, that it was closed per the family code and civil procedure rules.(RR3:7). The court and Appellant went into discussion on discovery, with the court of the understanding a reset was made by agreement. (RR3:8). Appellant objects to there being no rule 11 motion.(RR3:8). Appellant also pointed out that the notice of hearing for that day was for property only. (RR3:9).

Appellant also advised the court that, if the court was going to hear issues on divorce again, and on property, he asked that his jury trial motion have a ruling.(RR3:9). Appellant pointed out that there was a material fact issue on divorce, noting he tendered his declaration.(RR3:9). Appellant argued that if the entire case was going to be heard anew, he requested his jury trial demand have a ruling.(RR3:9). Appellee distracts the court's attention by turning it to issues on exhibits allegedly not before the court.(RR3:9-10). Appellant pointed out he submitted the only copies of his exhibits to the court under an exhibit record, giving an explanation as to why Appellee did not receive copies.(RR3:10).

The court advised the case was set that day for a final hearing on a divorce and division of property, where the court again denied Appellant a request

7.

for a continuance and proceeding.[2](RR3:10).

**XI. The September 22nd hearing-trial anew.** Appellee testified she was the Petitioner in the case.(RR3:10). Appellee testified she married Appellant in January 2009.(RR3:10). Appellee testified she had been a resident of Texas and of the county for the preceding six months.(RR3:11). Appellee testified that her and Appellant stopped living together on February 11, 2011.(RR3:11). Appellee testified there were no children and none were expected.(RR3:11). Appellee testified there was no community property left, since she sold it to give Appellant money.(RR3:11). Appellee testifies she has seperate property.(RR3:12). Appellee asked for her name to be changed.(RR3:12).

Appellee testified the marriage was insupportable and no expectation of reconciliation.(RR3:12). Appellee testified she took money and put in onto Appellant's inmate account.(RR3:12). Appellee testified she recognized Petitioner Exhibits' A,C, and D as they were "Jpays proving she deposited money onto Appelant's account."(RR3:12-13). Appellant objects arguing he has not been provided a copy of those exhibits.(RR3:13). The objection is sustained.(RR3:13). Appellee also testified she recognized Petitioner Exhibits' 1-10, as they were all letters from Appellant.(RR3:13).

Appellee recognizes and acknowledges none of the letters specifically request to sell his truck, only to sell his car.(RR3:13-14). Appellee tendered exhibit 1 to the court.(RR3:14). Appellant objects on grounds of authentication.(RR3:14). After an objection by Appellee, the court corrected Appellant.(RR3:14). Appellant objects on not being provided exhibits prior to trial.(RR3:15). Exhibit one is admitted.(RR3:15).

Appellee testified that Petitioner Exhibit 2 is in Appellant's handwriting.(RR3:15). Appellee testified that it says "Appellant appreciated selling stuff

---

[2]This particular statement of fact is disputed.(RR5:generally);(CR2;generally).

8.

to recoop losses."(RR3:15). Appellee tendered exhibit 2 to the court.(RR3:15). Appellant again objects to authenticicity and on grounds of not being timely provided exhibits, as previously noted.(RR3:16). Appellee also testified she reconized Appellant's handwriting in Petitioner Exhibit 3, where it bore Appellant's signature saying to sell his stuff.(RR3:16). Appellee tendered exhibit 3 to the court.(RR3:16). Appellant makes a running objection, and will stipulate to the admission, for purposes of previous exhibits, but challenges on authentication. (RR3:17). Exhibit three is admitted.(RR3:17). Only three exhibits were admitted. (RR3:17).

Appellee testified she followed instructions on disposal of property and put money on Appellant's account.(RR3:17-18). Appellee also testified there was no community property, and only had seperate property.(RR3:19).

On cross-examination, Appellee testified she understood Appellant's date of arrest was February 11, 2011.(RR3:19-20). Appellee testified that date was only the seperation date.(RR3:21). Appellee then testified that the marriage had become insupportable not too long after Appellant's arrest.(RR3:21). After further questioning, Appellee reverses, claiming the marriage was insupportable on the date of Appellant's arrest.(RR3:22). Appellant pointed out to the court that Appellee was lying.(RR3:22-23).

Appellee testified she remembered driving to Appellant's prison unit in October 2011.(RR3:23-24). Appellant asked what was the purposes of that visit.(RR3:24). Appellee testified she never advised Appellant at those visits that their marriage was in discord, or over.(RR3:24). Appellant asked Appellee why would she drive all the way from Corpus Christi to Appellant's prison unit, if their marriage was over in February 2011.(RR3:24-25). Appellee testified she had no power of attorney from Appellant.(RR3:26). Appellee testified that the automobile titles were signed over to her.(RR3;26-27).

Appellant advises the court he believes he has a right to question Appellee

on issues of insupportability.(RR3:28-29). Appellant points out that Appellee belatedly tendered exhibits to ambush Appellant.(RR3:30). Appellant reminded the court that he just got the exhibits, did not have the appropriate material with him to challenge insupportability, as he left it in his cell, since the court set the case for a property hearing only that day.(RR3:31). Appellant asked if the court issued an order telling him the hearing was changed.(RR3:31).

The court advised that final hearing was noticied for July and division of property on that day, so Appellant was more than prepared than in July.(RR3:31). The court advised the case was being reheard all over again.(RR3:31). Appellant was asked to coninuing questioning the witness.(RR3:31).

Appellant asked Appellee on cross-examination if she had copies of the automobile titles.(RR3:31-32). Appellee stated no, and swore that the signatures on the titles were that of her and Appellant.(RR3:32). Appellant reminds Appellee that lying under oath can subject her to perjury.(RR3:32). Appellant advised the court that his requests to Department of Public Safety were being ignored under a statute, based on his situational status as an inmate.(RR3:32-33). Appellant asks the court through the interests of justice, he be given an opportunity to prove perjury.(RR3:33). Appellee objects that Appellant's incarceration is not her fault.(RR3:33). The court denied the request for a continuance.(RR3:34).

Appellant reminded the court that Appellee untimely provided exhibits and violated the rules of civil procedure.(RR3:37). Appellant testified the admissions he sought to have admitted in July, the responses arrived the next day.(RR3: 37). Appellant advised that Appellee and her counsel deliberately provided the exhibits late.(RR3:37). Appellant pointed out that Appellee sat on the request for discovery response of production for 2 months, and sent it a few days before the hearing.(RR3:38). Appellant then rested his case.(RR3:38).

Closing arguments were heard, where Appellee opened by saying the law allows a divorce on insupportability, that her client testified Appellant gave his prop-

10.

erty as gifts, and advised to sell his stuff.(RR3:38). Appellant closes by saying he believed at the time of his arrest, he had a trusting person in his corner. (RR3:40). Appellant also testified he had proven his wife was lying about the seperation date, and that she had contradicted herself.(RR3:41).

The court asked Appellee how much she sold the truck for.(RR3:43). Appellee testified no more than $1,000.00.(RR3:43). The court stated it was granting a divorce on insupportability, awarding personal property to the party in possession, and ordering Appellee to pay Appellant $500.00.(RR3:44). The court granted and rendered the divorce on that day.(RR3:44). Appellant questioned the court on outstanding motions.(RR3:44-45). The court advised that any previously filed motion regarding July 7th became moot as a result of the withdrawn and vacated order.(RR3:45).

**XII. Post-September 22nd hearing.** Appellant filed subsequent request for finding of fact and conclusions of law on September 29, 2014.(CR1:215-16). Appellant filed subsequent notice of past-due findings of fact.and conclusions of law on October 13, 2014.(CR1:222-25). Appellant filed a subsequent motion for new trial on October 21, 2014.(CR1:226-32). Appellant filed a third notice of past-due findings of fact and conclusions of law on November 14, 2014.(CR1:235-36).

Appellant filed formal bill of exceptions with exhibits and unsworn declaration on November 21, 2014.(CR1:237-77). Appellant filed notice of appeal on November 21, 2014.(CR1:278). Appellant filed a motion to find the bill of exception correct, approve it and file it on January 1, 2015.(CR1:294-95). The trial court enters findings of fact and conclusions of law on January 7, 2015.(CR1:297-99).

**XII. Reporter Record Issue.** On April 8, 2015, this court entered an order of remand to address an issue of inaccuracy in the reporter's record. On July 13, 2015, a hearing was held.(RR5:generally);(CR2:generally). The facts of a portion of reporter record volume 3 are in dispute.

PLEADING STANDARD

Although appellate courts liberally construe briefs by pro se litigants, the

11.

courts still hold them to the same standards as licensed attorneys and require them to comply with all applicable rules of procedure and law. Sterner v. Marathon Oil Co., 767 S.W.2d 686,690(Tex.1989); Sheikh v. Sheikh, 248 S.W.3d 381,392 (Tex.App.-Houston[1st Dist.] 2007). Therefore, this brief should be construed liberally.

## SUMMARY OF THE ARGUMENT

Appellant's first argument is the trial judge conducted prohibited ex parte communication. The trial judge was advised the divorce had been granted improvidently, a discussion that was had outside the presence of Appellant.

Appellant's second argument is the trial court abused its discretion when it denied two motions for continuances. The first was grounded on the lack of notice of the trial court withdrawing its previous bifurcated order. The second was grounded on Appellee's untimely delivery of discovery material to Appellant.

Appellant's third argument is the trial court withdrew its previous bifurcated order without prior notice to Appellant. Appellant was unaware of the trial court withdrawing this order, until after the commencement of the September 22 hearing.

Appellant's fourth argument is the trial court denied Appellant his right to a jury trial. Prior to the commencement of a nonjury trial, Appellant advised the trial court that a material fact issue existed and demanded a jury trial.

Appellant's fifth argument challenges the legal and factual sufficiency of the evidence to support the judgment of a divorce on insupportability. The trial court abused its discretion in finding that Appellee met her burden to obtain a divorce on insupportability.

Appellant's sixth argument is the trial court abused its discretion when it erroneously admitted evidence. The trial court admitted letters allegedly from Appellant. These letters were the product of a discovery request that were untimely served and were challenged on authentication.

12.

Appellant's seventh argument challenges the trial court's findings of fact for legal and factual sufficiency. The trial court's findings of fact are not supported by the record.

Appellant's last argument is the trial court abused its discretion when it refused to rule on Appellant's request for a bench warrant.

## ARGUMENT

### ARGUMENT AND AUTHORITIES.

ISSUE 1: The trial court conducted prohibited ex parte communication.

The trial judge, Honorable Starr Boldrick Bauer, conducted prohibited ex-parte communication, when the judge was advised the divorce had been granted improvidently, a discussion that was had outside the presence of Appellant.

"The right to a fair and impartial trial is guaranteed by the state constitution." Tex. Const. Art. 1, § 10; Pharo v. Chambers County, 893 S.W.2d 264(Tex. App.-Houston[1st Dist.] 1995, reh'g denied). All parties have a right to a fair and impartial trial before a neutral judge. U.S. Const. Amend. 14; Tex. Const. Art. 1, § 10; Ellason v. Ellason, 162 S.W.3d 833(Tex.App.-Dallas 2005).

"State law, as in most jurisdictions, looks upon ex parte proceedings with extreme disfavor." U.S. Gov't v. Marks, 949 S.W.2d 320,325(Tex.1997); IPCO-G. & C. Joint Venture v. A.B. Chance Co., 65 S.W.3d 252,257(Tex.App.-Houston [1st Dist.] 2001, pet. denied). "Judges are forbidden to initiate, permit, or consider either direct, or indirect ex parte communications except in carefully defined circumstances." Tex. Code Judicial Conduct, Canon 3(B)(8); Marks, 949 S.W.2d at 325; In re Thoma, 873 S.W.2d 477,496(Tex.Rev.Trib.1994, no appeal).

Ex Parte communications are those that involve fewer than all of the parties who are legally entitled to be present during the discussion of any matter. In re Thoma, 873 S.W.2d at 496; Spigener v. Wallis, 80 S.W.3d 174,183(Tex.App.-Waco

13.

2002). They are barred in order to ensure that "every person who is legally interested in a proceeding [is given the] full right to be heard according to law." Thoma, 873 S.W.2d at 496. Likewise, because they are inconsistent with the right of every litigant to be heard and with the principle of maintaining an impartial judiciary. Abdygapparova v. State, 243 S.W.3d 191,208(Tex.App.-San Antonio 2007, pet. ref'd).

Lawyers are also prohibited from engaging in ex parte communications with judges intended to influence consideration of a matter, except in specified instances. Tex. Disciplinary Rules of Professional Conduct 3.05(b). When a lawyer engages in ex parte communication with a court regarding a pending case, it is always improper, and in some instances, may constitute a criminal offense. Tex. Pen. Code § 36.04; In re Easton, 203 S.W.3d 438(Tex.App.-Houston[14th Dist.] 2006). With these standards in mind, Appellant now turns to the argument.

The divorce was set for a contested hearing by telephone conference to Appelant for July 7, 2014.(CR1:84). After a hotly contested hearing, the trial court stated it was granting the divorce, but bifurcating a hearing for the property claims.(RR2:28-30). A final decree of divorce was filed on July 16, 2014, where the judgment granted a divorce on ground of insupportability, and ordered a bifurcated trial for property issues only.(CR1:156-58). The trial court sets the case for a hearing by telephone conference for property issues only for September 22, 2014.(CR1:167-69).

After commencement of the September 22nd hearing, Appellant and Appellee were sworn in under oath.(RR3:3). The trial court then stated the following:

> "For the purposes of the record, Mr. Nealy and Ms. Nealy, I had taken the ruling on July 7th I guess you would say under advisement and was [told] that the divorce had been granted improvidently. I am setting aside my order of July 7th and today we are here to hear the divorce which does include the division of property; is there any question about that?"

(RR3:3, 11.13-19).

14.

The record reflects that no other hearings were held after the July 7th hearing, but prior to the September 22nd.(CR1:84-88,167-69,303-04). Therefore, any discussion held on whether the July 7th order was correct, was an "off-the-record" discussion held outside the presence of Appellant. Consequently, Appellant accuses Appellee's trial counsel, Mary Rachel Sheeran(Sheeran), of initiating ex parte communication with Honorable Judge Starr Boldrick Bauer(Judge Bauer), and that, Judge Bauer permitted and engaged in the communication.

Appellant's accusation is supported by the record, where Judge Bauer states "she had taken the ruling of July 7th under advisement and was told that the divorce had been granted improvidently."(RR3:3, 11.14-16). This statement is indicative that someone advised Judge Bauer that her July 7th order was incorrect.

Appellant argues there are only a limited number of people whom can advise the court as to the legality, or correctness of a ruling or order. Those persons are:

- Petitioner through his/her counsel;
- Petitioner him/herself if acting pro se;
- Respondent through his/her counsel; or
- Respondent him/herself if acting pro se.

This is because only a party to the case has a legal interest in the outcome of the case. In the case at bar, Appellee was represented by Sheeran, while Appellant represented himself pro se. Since Appellant is incarcerated, he is unable to engage in any kind of communication with the judge. In fact, Appellant was unaware that the court had considered and decided its order was incorrect, since he requested a continuance.(RR3:3, 11.22-25). This leaves only the Appellee, or her counsel. Appellant contends that Appellee is ignorant of the law, leaving only Sheeran to advise and communicate with the court.

Appellant contends that Sheeran initiated the communication at some point after the conclusion of the July 7th hearing, but no later than September 11, 2014. The record reflects the court making a note in its docket that it was set-

15.

ting aside its order of July 7th on September 11, 2014.(CR1:304). Despite that notation, no order or notice was ever sent to the parties.(CR1:303-04).

Although Appellant cannot affirmatively prove what the ex parte communication consisted of, he suggests it involved discussion on the trial court's error of bifurcating a trial on property issues after entering a final decree of divorce. c.f.(CR1:157);(RR3:3, 11.14-16). "It is error for trial court to sever issue of divorce from issue of property division, and until property of parties has been disposed of, no final divorce judgment exists." Phillips v. Phillips, 75 S.W.3d 564,567(Tex.App.-Beaumont 2002). In any event, some form of discussion was had on the correctness of the trial court's ruling, causing the court to rescind its order.

Sheeran's initiating contact with Judge Bauer concerning the validity of the July 7th order, does not fit into one of the carefully defined circumstances exceptions that allows for ex parte communication. Tex. Code Judicial Conduct, Canon 3(B)(8). Therefore, Judge Bauer was prohibited from permitting and engaging in ex parte contact. Marks, 949 S.W.2d at 325; Thoma, 873 S.W.2d at 496. Consequently, Judge Bauer committed an egregious violation of the code of judicial conduct. Marks, supra; IPCO-G. & C. Joint Venture, 65 S.W.3d at 257.

Moreover, the discussion involved fewer than all parties, since Appellant-a Respondent in a divorce proceeding, actively engaged in litigation-was legally entitled to be present during the discussion. Thoma, supra; Spigener, 80 S.W. 3d at 183. Appellant's absence allowed discussion about material matters of a case, affecting the underlying proceedings, and affecting the finality of a previous proceeding and order.

This discussion was also barred because it is inconsistent with the Appellant's right to be heard and with the principle of maintaining an impartial judiciary. Abdygapparova, 243 S.W.3d at 208. Since Appellant was absent, Judge Bauer was incapable of maintaing an impartial judiciary.Id. This deprived Appel-

16.

lant of a fair and impartial trial. Pharo, 893 S.W.2d at 264.

Likewise, it violated Appellant's right to due process, since Judge Bauer engaged in communication, rendering the judge incapable of being neutral. U.S. Const. Amend. 14; Tex. Const. Art. 1, § 19; Ellason, 162 S.W.3d at 833; Rymer v. Lewis, 206 S.W.3d 732(Tex.App.-Dallas 2006). This is because Judge Bauer's conversation with Sheeran concerning the validity of the July 7th order in a pending case was improper. Erskine v. Baker, 22 S.W.3d 537(Tex.App.-El Paso 2000, pet. denied).

Similarily, Sheeran's engaging communication with Judge Bauer on the validity of the July 7th order, was intended to influence consideration of the case, violating Tex. Disciplinary Rules of Professional Conduct 3.05(b). This conduct constitutes a criminal offense. Tex. Pen. Code § 36.04(a); Easton, 203 S.W.3d at 438. Appellant argues it was used for an improper purpose with the requiste corrupt intention to influence the outcome of the case. Isassi v. State, 330 S.W.3d 633,641(Tex.Crim.App.2010). Appellant also argues it was designed to deprive him of his right to be heard, and to surprise and ambush an inexperienced pro se litigant.

As reflected by Judge Bauer's statement, she was advised that her July 7th order was granted improvidently.(RR3:3). The decision to rescind that order was based on the discussion held outside Appellant's presence, that affected the finality of the case.

Accordingly, Appellant argues that the judgment be reversed and the case remanded for a new trial.

### ARGUMENT

ISSUE 2: The trial court abused its discretion in denying Appellant's motions' for continuances.

Appellant made two oral motions' for continuances at trial. The first request was grounded on the lack of notice of the trial court withdrawing its pre-

17.

vious bifurcated trial order. The second was grounded on Appellee's untimely delivery of discovery material to Appellant.

In Texas, a request for continuance in a civil case is governed by Tex. R. Civ. Pro. 215, which provides in pertinent part, "No application for continuance ...shall be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Strong v. Strong, 350 S.W.3d 759,762(Tex.App.-Dallas 2011, pet. denied). When an issue turns on the trial court's subjective determination, rather than a question of law, the proper standard of review is abuse of discretion. In re Doe, 19 S.W.3d 249,253(Tex.2000).

The ruling on a motion for continuance is reviewed for abuse of discretion. Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150,161(Tex.2004); Clemons v. Citizens Med. Center, 54 S.W.3d 463(Tex.App.-Corpus Christi 2001). A trial court abuses its discretion if it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles. Bowie Mem'l Hosp. v. Wright, 79 S.W. 3d 48,52(Tex.2002); Strong, supra at 763.

When an error regarding the denial of a motion for continuance is reviewed for abuse of discretion, "the appellate court should engage in a two-prong inquiry: (1) did the trial court have sufficient information on which to exercise its discretion, and (2) did the trial court err in its application of discretion." Lindsey v. Lindsey, 965 S.W.2d 589,592(Tex.App.-El Paso 1998, no pet.). With these standards in mind, Appellant now turns to the argument.

## a) First motion for continuance.

As noted earlier, the trial court granted a divorce during the July 7th hearing, bifurcated a hearing for property, entered a final decree on July 16th, and set the case for a property hearing for September 22nd, 2014. ante at 14.

After commencement of the September 22nd hearing, Appellant and Appellee were sworn in.(RR3:3, 11.7-12). The trial court then stated 'it had taken its ruling on July 7th under "advisement and was told" that the divorce was granted impro-

18.

vidently."(RR3:3, 11.14-16). The trial court then stated "it was setting aside its July 7th order and hearing the divorce along with property division."(RR3:3, 11.16-18). The court then asked if Appellant or Appellee had any questions. (RR3:3, 11.18-19).

Appellant responded, by testifying that "since he had not been given notice that the court had withdrawn its original order, he requested a continuance to prepare."(RR3:3, 11.22-25). The court denied the oral motion stating "the case had been on file since 2012."(RR3:4, 11.1-3).

When a contested case has previously been set for trial, the court may re-set said contested case to a later date on any reasonable notice to the parties or by agreement of the parties. Tex. R. Civ. Pro. 245; Hardin v. Hardin, 932 S.W.2d 566(Tex.App.-Tyler 1995, no writ). To preserve error during trial, a party must raise a valid, specific, and timely objection or motion. Tex. R. App. Pro. 33.1(a)(1); Service Corp. v. Guerra, 348 S.W.3d 221,224(Tex.2011). A motion for continuance must be in writing. Green v. TDPRS, 25 S.W.3d 213,218(Tex.App.-El Paso 2000, no pet.). The motion must state specific facts that support it. Blake v. Lewis, 886 S.W.2d 404,409(Tex.App.-Houston[1st Dist.]1994, no writ). The facts in the motion must be verified or supported by affidavit. Strong, 350 S.W.3d at 762.

In the case at bar, a contested setting was entered for July 7, 2014.(CR1:84). On July 7, 2014, the contested hearing was held, where the court granted the divorce on insupportability, granted Appellee a name change, and ordered a bifurcated trial for property issues only.(RR3:28-30). A final decree of divorce was entered on July 16, 2014.(CR1:156-58). The case was then set for a final hearing for property issues only for September 22, 2014.(CR1:167-69). After commencement of the September hearing, the court(without prior notice to the parties)withdrew its July 7th order, and heard the divorce again.(RR3:3-44).

19.

The gravamen of Appellant's argument is the trial court's rescission of its July 7th order after commencement of the September hearing, not only violated the adequate notice requirement of Tex. R. Civ. Pro. 245, it also violated his right to due process. U.S. Const. Amend. 14; Tex. Const. Art. 1, § 19; Hardin, 932 S.W.2d at 567. Appellant's request for a continuance was grounded on the lack of notice required by statute.

As a threshold matter, Appellant recognizes the 36th District Court's local rules governing continuances, which "require him to present his request at least 10 days prior to trial." See Rule 3.13[3]. However, that requirement is inapplicable here, since Appellant's need for a continuance did not arise until after the September hearing. Moreover, the requirement in Green, supra, that a motion for continuance be in writing is also inapplicable, since the need for the request did not arise until the September hearing, and that Appellant was appearing pro se, by telephone left him no other option but to lodge an oral request. To that end, an oral motion for continuance was just and proper under the circumstances, exempting Appellant from filing a written motion 10 days prior to trial.

Appellant also recognizes that an oral request generally does not preserve error. Phifer v. Nacogdoches Cty. Cent. Appr. Dist., 45 S.W.3d 159,173(Tex.App.-Tyler 2000, pet. denied). However, Appellant argues that the trial court's express ruling made in open court and transcribed by the court reporter preserves the error.(RR3:4, 11.1-3); Tex. R. App. Pro. 33.1(a)(2)(A); State Farm Ins. v. Pults, 850 S.W.2d 691,693(Tex.App.-Corpus Christi 1993, no writ); Pride Pet. Servs. v. Criswell, 924 S.W.2d 720,721(Tex.App.-El Paso 1996, writ denied). The error is preserved for appellate review.

---

[3] 36th Dist. Court Local Rules-Rule 3.13(Motions for Continuances), see Supreme Court Misc. Docket 05-9017(San Patricio County).

Based on the lack of notice to Appellant, his request for continuance was required by operation of law. Tex. R. Civ. Pro. 245; Hardin, 932 S.W.2d at 567. Consequently, the trial court abused its discretion in denying the request. Clemons, 54 S.W.3d at 463. The court also acted arbitrary and unreasonable, when it rationaled denying the request, solely on the basis the case had been on file since 2012. Strong, 350 S.W.3d at 763. The trial court faulted Appellant for the delay in prosecution of the case when, in fact, it was Appellee's fault. c.f. (CR1:8);(CR1:72).

Moreover, the trial court acted without any guiding rules or principles, when it ignored its rescission order violated the reasonable notice requirement of Tex. R. Civ. Pro. 245; Strong, supra. Appellant argues the trial court had sufficient information on which to exercise its discretion, where he had advised he had no prior notice of the withdrawn order. Therefore, the trial court erred in its application of discretion, thereby abusing its discretion. Lindsey, 965 S.W.2d at 592.

Alternatively, should this Court determine that the trial court did not abuse its discretion denying the request based on operation of law, Appellant would then contend it abused its discretion in denying his request on sufficient cause. Tex. R. Civ. Pro. 215.

Appellant recognizes his request must be supported by affidavit. Strong, 350 S.W.3d at 762. As reflected by the notice of the September hearing, the Appellant believed the case would only proceed on property issues.(CR1:167-69). When the trial court rescinded its original order constraining the hearing in September to property issues, an incarcerated, pro se litigant's request for continuance was just and proper under the circumstances.

It bears repeating that the 36th District Court's local rule 3.13, and the holding of Green, 25 S.W.3d at 218(request be in writing), are not applicable here either.

21.

Appellant argues that a continuance was warranted under sufficient cause, since he had no prior notice the court had withdrawn its order. Appellant contends that his request for a continuance was supported by affidavit. Specifically, Appellant posits that since his request and reasoning were made after he was sworn in, this sworn testimony meets the requirement of Tex. R. Civ. Pro. 215.(RR3:3, 11.7-11). Appellant's request was made under oath in light of the trial court's rescission order. This testimony constitutes the equivalency of an affidavit. Strong, 350 S.W.3d at 762.

Alternatively, it would be unreasonable to require a lay litigant, whom is incaecerated, appearing by telephone and without the benefit of counsel, to require him to file a sworn affidavit in support of the motion before trial, when the need for the continuance did not arise until after the commencement of the September hearing. Villegas v. Carter, 711 S.W.2d 624,626(Tex.1986). To that end, Appellant contends that he should not be required to file an affidavit under the circumstances of his request.

Based on the lack of notice to Appellant, his request for continuance was appropriate under sufficient cause. Tex. R. Civ. Pro. 251; Strong, 350 S.W.3d at 762. Prior to Appellant's request, no continuances had been granted in the case.(CR1:303-04). Consequently, the trial court abused its discretion in denying the request. Clemons, 54 S.W.3d at 463. The court also acted arbitrary and unreasonable, when it denied the request solely on the basis the case had been on file since 2012. Strong, Id at 763. The trial court faulted Appellant for Appellee's lack of diligence in prosecution of the case. c.f.(CR1:8);(CR1:72).

Moreover, the trial court acted without any guiding rules or principles, when it ignored its rescission order violated the reasonable notice requirement. Id. Appellant argues the trial court had sufficient information on which to exercise its discretion, where he advised he needed the continuance in order to prepare. Therefore, the trial court erred in its application of discretion, th-

22.

ereby abusing its discretion. Lindsey, 965 S.W.2d at 592.

The denial of the request for continuance negatively impacted Appellant's presentation of his case to the trial court. Since the September hearing was suppose to be for property issues only, Appellant prepared his case on those issues alone. This is supported by the record, where Appellant advised the trial court he was having problems understanding how the proceeding has "went the way it has."(RR3:31, 11.1-18). Appellant pointed out to the court he did not have any of the "divorce-related" documentation with him, only documents for property issues.(RR3:31, 11.1-7).

Appellant argues it would be increasingly difficult, if not altogether impossible, for a pro se, incarcerated litigant whom is appearing by telephone, to perform "on-his-feet," and from memory, those issues concerning whether the marriage was supportable. This was precisely the situation Appellant was in. Appellant had filed an original answer to divorce alleging an affirmative defense of condonation.(CR1:20-34). Appellant filed a second amended original answer raising generally the same issue.(CR1:127-28). Appellant had also filed with his original answer, an affidavit from Appellee he contended created a material fact issue.(CR1:25). However, Appellant was unable to present any of these issues at trial, because he did not have the material with him, through no fault of his own.

Given the substantial impairment, Appellee was able to defeat Appellant's assertion at trial the marriage was supportable, or forgiveness under condonation was warranted. Appellant contends the failure to grant the continuance caused rendition of improper judgment. Tex. R. App. Pro. 44.1(a)(1); Strong, 350 S.W.3d at 763. Accordingly, Appellant argues the judgment be reversed and the case remanded for a new trial.

b) Second motion for continuance.

Appellant advised the trial court that he had just received a package from

23.

Sheeran, that contained some exhibits that he believed were to be tendered to the court just 45 minutes prior to the hearing.(RR3:4, line 25, thru 5, ll.1-7). Appellant also advised that this material was part of his original request for production, asking them to be delivered prior to trial so he could prepare his case.(RR3:5, ll.10-12).

Appellant lodged a request for a motion for continuance on the basis that, the exhibits were voluminous, he would seek a challenge to them on authentication, and needed the time to prepare.(RR3:5, ll.13-15). The trial court then asked Sheeran to respond.(RR3:5, line 16).

Sheeran stated the documents she sent, are letters given to her by Appellee, that were allegedly sent from Appellant and of his own handwriting, where they contained discussion on property.(RR3:5, ll.17-23). Sheeran also stated she had proof of when they were sent to Appellant, and that she has no control of when the prison system delivers Appellant's mail.(RR3:5, ll.23-25).

Appellant equally recognized that he has no control of when mail is delivered to him.(RR3:6, ll.1-3). Appellant reminded the court that he just received the exhibits "today," would challenge them on authentication, and argued he had not been provided envelopes with postal marks.(RR3:6, ll.3-5). Appellant contended that they could have been fabricated.(RR3:6, ll.5-6). Appellant also pointed out that "this would be the second time that Sheeran has belatedly provided" him documentation.(RR3:6, ll.7-12).

Appellant further pointed out that he timely filed a request for production, requesting any documents and or exhibits that would be relied upon, but that none were provided.(RR3:6, ll.13-17). Appellant also pointed out that "now some three months later" he was being provided documents that he originally requested in discovery, but that the discovery period was closed prior to the delivery of the documents.(RR3:6, ll.19-21). Appellant supported his request for a continuance, arguing he has had no time to prepare, since the documents were delivered to him

24.

just 45 minutes prior to the hearing.(RR3:6, 11.21-24). The trial court stated Applicant's objections were preserved, but denied the continuance request.(RR3: 7, 11.5-9).

It is necessary for Appellant to discuss facts from the July 7th hearing and circumstances surrounding the exhibits he had just received at the September hearing. On May 9, 2014, Appellee initiated discovery.(CR1:75). Appellant then served Appellee inter alia, a request for production on June 3, 2014.(CR1: 117, 252-56). In Appellant's request number 25, he requested production of any correspondence written from him to Appellee from February 11, 2011 until June 15, 2011.(CR1:255).

Sheeran served a response asserting "no items have been identified after a diligent search" to numbers 1-15, (CR1:257-61), while refusing to answer numbers 16-46 citing Tex. R. Civ. Pro. 190.2.(CR1:261). On July 7, 2014, a contested hearing was held.(RR2:generally). Among other things, Appellant advised the trial court that he had not received responses to his request for production.(RR2: 7, 11.15-19).

Sheeran advised the court she "had letters from Appellant telling Appellee to sell everything," showing the court only a response to disclosure.(RR2:10, 11.14-16). After some discussion on various issues, the court went onto hold a hearing on the divorce.(RR2:11-31).

Nearing the conclusion of this hearing, the court had found merit to Appellant's complaint that he had not had time to conduct discovery.(RR2:27-28). Although the court found so, it still granted Appellee a divorce, but bifurcated a hearing for peropty for a later date.(RR2:28). The court advised Appellant if had not received the discovery responses, he would receive them in "a couple of days."(RR2:31, 11.14-18).

Turning back to the September 22nd hearing, after the trial court had denied

25.

Appellant's first request for continuance, he would inter alia, request a second continuance, based on the untimely and voluminous delivery of exhibits to be tendered to the court.(RR3:5, 11.8-15). Appellant pointed out that the documentation he just received was the product of his original discovery request.(RR3:5, 11.10-12).

The gravamen of Appellant's argument is a continuance was warranted, where Appellant showed sufficient cause, since he was untimely provided discovery and said discovery was voluminous.

It bears repeating that the 36th District Court's local rule 3.13, and the holding of Green, 25 S.W.3d at 218(request in writing) are inapplicable here as well. This is because Appellant's need for a continuance did not arise until just 45 minutes before Appellant was to engage in a telephone hearing. This left Appellant with no choice but to lodge an oral request for continuance.

Appellant again recognizes an oral request does not preserve error. Phifer, 45 S.W.3d at 173. However, the trial court's express ruling made in open court and transcribed by the court reporter preserves the error.(RR3:7, 11.5-9); Tex. R. App. Pro. 33.1(a)(2)(A); State Farm Ins., 850 S.W.2d at 693. This error is also preserved for appellate review.

Based on Appellee's untimely and voluminous delivery of discovery material, Appellant argues a continuance was warranted under sufficient cause. Strong, 350 S.W.3d at 762. Appellant contends his request was supported by affidavit, where he again posits that since he was testifying under oath, those facts constitute the equivalency of an affidavit. Strong, supra.

Alternatively, it would be unreasonable to require a lay litigant, that is incarcerated and appearing by telephone, whom is appearing pro se, to file a sworn affidavit in support of the motion before trial, when the need for continuance did not arise until just 45 minutes before the hearing. Villegas, 711 S.W. 2d at 626.

Prior to Appellant's request, no continuances had been granted.(CR1:303-04). Therefore, the trial court abused its discretion. Clemons, 54 S.W.3d at 463. The trial court also acted arbitrary and unreasonable, when it denied the request, when Appellant advised he had been untimely delivered discovery. The trial court even advised Appellant that discovery was closed per the Family Code, prior to the receipt of the discovery.(RR3:7, 11.16-21).

Although the court was aware of this fact, it denied Appellant a continuance, and allowed Appellee to successfully introduce documents that were the product of discovery. Appellee introduced, and the court allowed three documents, that were allegedly letters from Appellant telling Appellee to sell everything. (RR3:14, 11.10-11; RR3:15, 11.4-6);(RR3:15, 11.24-25; RR3:16, 11.6-7);(RR3:16,11. 18-19; RR3:17, 11.6-7). This was the subject of Appellant's request for production, that Appellee never served, claiming exemption under Tex. R. Civ. Pro. 190. 2. Appellee also stated at the July 7th hearing, that she had letters from Appellant advising Appellee to sell everything.(RR2:10, 11.14-16).

By all appearances, Sheeran had in her possession, the documentation that she mailed to Appellant on or about September 15, 2014, since before the July 7th hearing. Sheeran "sat on the alleged letters that supposedly were from Appellant until just a few days before a hearing. Appellant did not get these documents until September 22, 2014.(CR1:230-32). Sheeran's actions were calculated to "ambush" Appellant.

The trial court had a duty to recognize this deceitful disclosure of discovery material, but wholly ignored Sheeran's actions.Appellant argues he stated specific facts in support of his motion. Blake, 886 S.W.2d at 409. Therefore, the trial court erred in its application of discretion, thereby abusing its discretion. Lindsey, 965 S.W.2d at 592.

The denial of the request negatively impacted Appellant's case. The documentation that Appellant received that day, was successfully admitted at trial, des-

27.

pite the fact that he had no time to prepare his case. Appellant argues he is a layman at law, and as such, cannot successfully move "on-his-feet" during the combat at trial, if he has had no opportunity to review the material to determine its admissibility under the rules of evidence, or relevant case law.

Given the substantial impairment, Appellee was successful in introducing discovery material that was initially refused to be produced, and then held onto it until just a few days prior to a hearing. Appellant was unable to assert any meaningful adverserial test to the evidence, where he contends the failure to grant the continuance caused rendition of improper judgment. Tex. R. App. Pro. 44.1(a)(1); Strong, 350 S.W.3d at 763. Accordingly, Appellant argues the judgment be reversed and the case remanded for a new trial.

## ARGUMENT

ISSUE 3: The trial court erred when it withdrew order of decree bifurcating the case without notice.

The trial court violated Appellant's right to due process and due course of law, when it withdrew its order of July 7th without notice to Appellant.

As noted earlier, "when a case has previously been set for trial, the court may reset said case to a later date on any reasonable notice to the parties, or by agreement of the parties." Tex. R. Civ. Pro. 245; Hardin, 932 S.W.2d at 567. When a trial court does not give a party reasonable notice of a trial setting, it violates a party's right to due process. U.S. Const. Amend. 14; Tex. Const. Art. 1, § 19; Hardin, supra; see also In re 475,001.16, 96 S.W.3d 625,627(Tex. App.-Houston[1st Dist.] 2002, no pet.); Vining v. Vining, 782 S.W.2d 261(Tex. App.-Houston[14th Dist.] 1989).

The divorce was set for a contested hearing for July 7, 2014.(CR1:84). After a hotly contested hearing on July 7th, the trial court granted Appellee a divorce, but bifurcated a hearing for property issues only.(CR1:156-58);CR1: 167).

28.

After commencement of the September 22nd hearing, the trial court stated the following:

> For the purposes of the record, Mr. Nealy and Ms. Nealy, I had taken the ruling on July 7th I guess you would say under advisement and was told that the divorce had been granted improvidently. I am setting a-side my order of July 7th and today we are here to hear the divorce which does include the division of property; is there any questions about that?

(RR3:3, 11.13-19).

The record reflects that no other hearings were held after the July 7th hearing, but prior to the September 22nd hearing.(CR1:84-88, 167-69,303-04). The record further does not reflect that there was any orders entered and sent to Appellant notifying him that the court had withdrawn its order.(CR1:303-04). Appellant first learned of the trial court's actions when the trial court put him on notice, as shown above.

Although the trial court's docket sheet reflects a notation of the court withdrawing its order on September 11, 2014, (CR1:304), nowhere in the record nor in the docket sheet does it reflect Appellant was notified of the rescission of that order. (CR1:generally).

The trial court's placing Appellant on notice of its withdrawn order after commencement of the September 22nd hearing, was wholly inadequate notice of a withdrawn order. The court should have, but did not, send to the parties an order reflecting the trial court's decision.

Consequently, the trial court violated Appellant's right to due process and due course of law, when it failed to send notice to the parties. U.S. Const. Amend. 14; Tex. Const. Art. 1, § 19; Hardin, 932 S.W.2d at 567. The require-ments of Tex. R. Civ. Pro. 245 are mandatory. Hardin, 932 S.W.2d at 567.

Appellant contends the error caused rendition of an improper judgment. Tex. R. App. Pro. 44.1(a)(1); Service Corp., 348 S.W.3d at 236. Accordingly, Appel-lant contends the judgment should be reversed and the case remanded for a new

29.

trial.

ISSUE 4: The trial court erred when it denied Appellant his right to a jury trial.

The trial court violated Appellant's federal and state constitutional right to a trial by jury, when it proceeded to a nonjury trial. Prior to the commencement of the nonjury trial, Appellant advised the trial court that a material issue of fact existed, and demanded a jury trial.

The U.S. and state constitutions guarantee the right to a jury trial. U.S. Const. Amend. 7; Tex. Const. Art. 1, § 15. To receive a jury trial, a party must have a right to a jury trial and must properly request a jury under Tex. R. Civ. Pro. 216(a). Huddle v. Huddle, 696 S.W.2d 895,895(Tex.1985). This constitutional guarantee is extended to divorce actions in Texas. Tex. Fam. Code § 6.703. Taylor v. Taylor, 63 S.W.3d 93,99-101(Tex.2001); In re Marriage of Richards, 991 S.W.2d 32,36(Tex.App.-Amarillo 1999, review dismis'd). The only constitutional limitations on this right, is that the party must demand a trial by jury and pay the required fee. Id.

"When the jury's verdict is merely advisory, as in issues of property division, child support or possession, there is no right to a jury trial." Martin v. Martin, 776 S.W.2d 572,574(Tex.1989); Richards, supra at 36. Secondly, "that error in denying a properly requested jury trial can be harmless if no material issues of fact exists and an instructed verdict would be justified." Richards, 991 S.W.2d at 37.

To make a proper request for a jury trial, a party must do two things 30 days before the date the case is set for trial: (1) make a written request for a jury trial and (2) pay the jury fee or file an affidavit of inability to pay. Tex. R. Civ. Pro. 216, 217; Huddle, 696 S.W.2d at 895.

The trial court may deny a request for a jury trial filed at least 30 days

30.

before the trial date only if the party opposing it can rebut the presumption that the request was made a reasonable time before trial. Halsell v. Dehoyos, 810 S.W.2d 371,371(Tex.1991); Southern Farm Bur. Cas. Ins. v. Penland, 923 S.W. 2d 758,760(Tex.App.-Corpus Christi 1996, no writ.) "To oppose a timely request for a jury trial, the party should file a response showing that a jury trial will: (1) injure the party, (2) disrupt the court's docket, or (3) interfere with the ordinary handling of the court's business." Halsell, Id at 371.

"To preserve an error during trial, a party must raise a valid, specific, and timely objection." Service Corp., 348 S.W.3d at 224; Puntarelli v. Peterson, 405 S.W.3d 131,134(Tex.App.-Houston[1st Dist.] 2013); Tex. R. App. Pro. 33.1(a)(1). "To preserve trial court error in conducting a bench trial despite a party's perfected right to a jury trial, the party must timely object to the trial court proceeding to a nonjury trial, or affirmatively indicate that it intends to exercise its right to a jury trial." Puntarelli, supra; Vardilos v. Vardilos, 219 S.W.3d 920,921(Tex.App.-Dallas 2007). With these standards in mind, Appellant now turns to the argument.

Appellee sued Appellant for a divorce on May 15, 2012.(CR1:8-19). Appellee alleged that the marriage had become insupportable due to discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation.(CR1:9). Appellant filed an original answer of general denial, an affirmative defense of condonation, and established and supported a material issue of fact on May 29, 2012. (CR1:20-36).

Appellee retained counsel to represent her in the divorce proceeding on May 9, 2014.(CR1:72). Sheeran filed a motion for docket control conference and requested a setting on the case on May 9, 2014.(CR1:73-74). A corrected notice of setting was entered on June 2, 2014, setting the case for a contested divorce for July 7, 2014.(CR1:84). On June 3rd, 2014, Appellant filed his request for a

31.

jury trial, and asserted indigence in the demand.(CR1:103-04). Appelllant accompanied his jury trial demand with an unsworn declaration of inability to pay the jury fee.(CR1:105).

Appellant filed a second motion for issuance of a bench warrant, so that he may attend the jury trial.(CR1:129-33). The trial court never ruled on Appellant's bench warrant request.(CR1_303-04). Ultimately, the trial court held a hearing by telephone on July 7, 2014.(RR2:generally). After a hotly contested hearing, the court granted Appellee a divorce on insupportability, but bifurcated a trial for property.(RR2:28-30). A final decree was entered on July 16, 2014. (CR1:156-58). The case was set for a final hearing on property only for September 22, 2014.(CR1:167-69).

As shown throughout this brief, the court set aside its July 7th order, and held anew the issue of divorce.(RR3:3, 11.13-19). In light of the trial court's order of rescission of its July 7th order, Appellant asked that his jury trial demand have a ruling.(RR3:9, 11.11-14). Appellant advised the court that a material issue of fact existed and is in the record.(RR3:9, 11.14-15). Appellant reminded the court he filed his declaration of inability to pay, again demanding a ruling on his jury demand.(RR3:9, 11.15-18).

Sheeran distracts the trial court's attention, by making argument on some exhibits.(RR3:9-10). Sheeran however, neither opposed nor objected to Appellant's request for a jury trial.(RR3:9-10). The trial court stated the case had been reset for a final hearing on divorce and property and denied a request for continuance and proceeding.[4] (RR3:10, 11.14-17).

Appellant first argues that since the case was a divorce proceeding, he had

---

[4]This particular statement of fact is disputed.(RR5). Appellant first contends the words "jury trial" should be included in the word "proceeding" on page 10 of reporter record vol. 3, line 17.(RR5:5, 11.15-18). Appellant also contends his objection to the trial court's proceeding to a nonjury trial, is absent from the record due to poor call quality. Appellant contends the objection should be reflected immediately following the trial court's statement of it de-

a constitutional and statutory right to a jury trial. U.S. Const. Amend. 7; Tex. Const. Art. 1, § 15; Tex. Fam. Code § 6.703; Tex. R. Civ. Pro. 216(a); Huddle, 696 S.W.2d at 895. Since Appellant timely filed and demanded a jury trial, along with filing an unsworn declaration of inability to pay the jury fee, there were no constitutional limitations on his right. Richards, 991 S.W.2d at 36.

Moreover, a jury's verdict in this case would not have been advisory, since Appellant had asserted both an affirmative defense of condonation, and advised the trial court of a material issue of fact. c.f.(CR1:127-28);(RR3:9, 11.14-15). Thus, at the time of the request, a constitutional and statutory right still attached to Appellant's jury demand. Martin, 776 S.W.2d at 574. An instructed verdict would not have been proper in this case, rendering the trial court's denial of a jury trial harmful. Richards, 991 S.W.2d at 37.

Since the Appellee chose to neither oppose or object to Appellant's request for a jury trial, she has waived any complaint regarding the issue. Halsell, 810 S.W.2d at 371. If Appellee truly believed that Appellant was not entitled to a jury trial and the defense and material fact issue were untenable, she could have, but chose not to, file a summary judgment under Tex. R. Civ. Pro. 166 a. Richards, 991 S.W.2d at 37. Therefore, at the time of Appellant's request, there were questions of material fact to be resolved, and it was error to deny the request. Richards, supra at 38.

Based on Appellant's contention that the trial court had denied his request for a jury trial(RR5:5, 11.15-18), he suggests that the error is preserved for appellate review. Puntarelli, 405 S.W.3d at 134. Alternatively, Appellant contends the error is preserved by an implicit ruling. Tex. R. App. Pro. 33.1(a)(2)(A); In re Z.L.T., 124 S.W.3d 163,165(Tex.2003). The trial court proceeded

nying his request for a continuance and jury proceeding at page 10 of reporter record vol. 3, line 17.(RR5:16-17). Appellant asks this court to resolve the dispute. Appellant also disagrees and objects to the trial court's supplemental record that he "agreed" with the wording.(CR2:4). The trial court's findings are refuted by the record.(RR5:18, 11.6-8).

to a nonjury trial despite Appellant having demanded a ruling on his jury trial request.(RR3:10, 11.14-17). This action constitutes an implied ruling preserving error. Krishnan v. Ramirez, 42 S.W.3d 205,220 n.3(Tex.App.-Corpus Christi 2001, pet. denied).

Next, once the trial court proceeded to a nonjury trial, Appellant contends he objected to the action. Appellant initially observes that the reporter record from September 22nd does not reflect his objection.(RR3:10, line 17). However, this issue is the subject of an inaccuracy of the reporter record dispute where Appellant maintains he objected. See footnote 4. Thus, Appellant contends the error is preserved. Puntarelli, 405 S.W.3d at 134.

Alternatively, Appellant contends that he affirmatively indicated to the trial court that he intended to exercise his right to a jury trial. Appellant twice asked the trial court that his jury trial demand have a ruling.(RR3:9, 11.11-18). This statement should be considered sufficient to place the trial court on notice that Appellant stood on his perfected right to a jury trial. Puntarelli, supra; In re D.R., 177 S.W.3d 574,580(Tex.App.-Houston[1st Dist.] 2005, pet. denied). Thus, Appellant contends the error is preserved. Id.

This court must determine whether the error in denying Appellant's jury trial request warrants reversal. Richards, 991 S.W.2d at 38. That determination requires a review of the entire record.Id.

As a threshold matter, Appellant contends that Appellee did not meet the statutory elements of a "no-fault" divorce. This is a question of fact. Id at 37. There are three questions that must be answered in the affirmative in order for a petitioner seeking a divorce to obtain one. Those are:

1) Has the marriage become insupportable because of discord or conflict?

2) Has the discord or conflict destroyed the legitimate ends of the marriage? and

3) Is there any reasonable expectation of reconciliation?

Richards, supra at 37.

A decree of divorce is mandatory when a party to the marriage alleges insupportability and the conditions of the statute are met. Id.(quoting Cusack v. Cusack, 491 S.W.2d 714,716-17(Tex.Civ.App.-Corpus Christi 1973, writ dism'd w.o.j.)). "This statement supports the conclusion that a petitioner's allegation of insupportability is not enough. They must also establish the other conditions of the statute are met, i.e., 'that there is discord or conflict,' 'that it destroys the legitimate ends of the marriage,' 'and there is no reasonable expectation of reconciliation.'" Richards, supra.

In the case at bar, the record does not reflect Appellee meeting all the conditions of a "no-fault" divorce, as set forth above.

With regard to question 1, although Appellee testified that the marriage was insupportable, she did not testify as to whether it was based on discord or conflict.(RR3:12, 11.10-12). Therefore, Appellee's testimony falls short of the elements required to question 1. This is because the mere allegation of insupportability is not enough. Richards, supra.

With regard to question 2, Appellee failed to testify that the discord or conflict destroyed the legitimate ends of the marriage.(RR3:12). In the absence of this testimony, Appellee has wholly failed to establish the elements required by question 2. Richards, supra.

Consequently, Appellee has failed to meet her burden of establishing the existence of the statutory elements in order to obtain a divorce. Therefore, a decree of divorce in this case was not mandatory. Cusack, 491 S.W.2d at 716-17; Baxla v. Baxla, 522 S.W.2d 736,739(Tex.Civ.App.-Dallas 1975, no writ). Thus, it was error to deny Appellant's jury trial request. Based on that determination alone, a reversal of the trial court judgment is required. Tex. R. App. Pro. 44.1 (a); Richards, supra at 38.

Appellant however, does not stop there. At the time of his jury trial re-

35.

quest, there were questions of material fact to be resolved. This is reflected by Appellant's testimony and jury trial request.(RR3:9, 11.14-15). Among the issues to be resolved, were Appellant's defense of condonation, and an established and supported claim by Appellant controverting insupportability.(CR1:20-36); (CR1:127-28).

At the time of Appellant's request for a jury trial, he introduced controverting evidence to insupportability. "Where the only evidence before the fact-finder supports but one conclusion, and there is no contrary evidence, an instructed verdict is proper." Szczepanik v. First Southern Trust Co., 883 S.W.2d 648,649(Tex.1999). Because an instructed verdict would not have been proper at the conclusion of the final hearing, the error of denying of a jury trial was harmful. Grossnickle v. Grossnickle, 865 S.W.2d 211,212(Tex.App.-Texarkana 1993, no writ).

Appellant contends the error caused rendition of an improper judgment. Tex. R. App. Pro. 44.1(a)(1); Richards, 991 S.W.2d at 38. Accordingly, Appellant contends the judgment should be reversed and the case remanded for a new trial.

### ARGUMENT

ISSUE 5: The evidence is legally and factually insufficient to support the judgment.

Appellant contends that the evidence is insufficient to support the trial court's decree of granting divorce on insupportability. The trial court abused its discretion in granting Appellee a divorce.

In a nonjury case, no objection in the trial court is necessary to appeal based on the legal or factual sufficiency of the evidence. Tex. R. App. Pro. 33.1(d). "A complaint about the legal or factual sufficiency of the evidence may be made for the first time on appeal." Office of the Atty. Gen. v. Burton, 369 S.W.3d 173,175(Tex.2012). Therefore, this claim is properly before the court.

36.

"In family law cases, the traditional sufficiency of evidence standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error, but are relevant factors in the assessment of whether the trial court abused its discretion." Watson v. Watson, 286 S.W.3d 519(Tex.App.-Fort Worth 2009); Boyd v. Boyd, 131 S.W. 3d 605(Tex.App.-Fort Worth 2004); Dyer v. Dyer, 02-10-00171-CV, 2011 Tex. App. LEXIS 5017 at *4(Tex.App.-Fort Worth 2011)(not desig. for pub.)).

"To determine whether there has been an abuse of discretion because the evidence is legally and factually insufficient to support the trial court's decision in family law cases, appellate courts engage in a two-prong inquiry: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion." Watson, 286 S.W.3d at 519.

"The mere fact that a trial judge decides a matter within his discretionary authority in a different manner than an appellate court would in a similiar circumstance does not demonstrate an abuse of discretion." Downer v. Aquamarine Operators Inc., 701 S.W.2d 238,241-42(Tex.1985). "As long as some evidence of a substantive and probative character exists to support the trial court's discretion, there is no abuse of discretion." Granger v. Granger, 236 S.W.3d 852,855-56(Tex.App.-Tyler 2007, pet. denied).

"Evidence is legally sufficient when it enables reasonable and fair-minded people to reach the trial court's judgment under review." Dyer, 2011 Tex. App. LEXIS 5017 at * 4(Quoting City of Keller v. Wilson, 168 S.W.3d 802,807(Tex. 2005)). "In evaluating the evidence's legal sufficiency, appellate court's credit evidence that reasonably supports the trial court's judgment and disregard contrary evidence unless a reasonable factfinder could not." City of Keller, 168 S.W.3d at 827. "In determining whether evidence is factually sufficient to sus-

37.

tain a verdict, courts of appeals must weigh all the evidence, both for and against the finding." Dow Chem. Co. v. Francis, 46 S.W.3d 237,242(Tex.2001).

"When a reporter's record is a part of the appellate record, findings of fact are not conclusive, even if unchallenged." Zac Smith & Co. v. Otis Elevator Co., 734 S.W.2d 662,666(Tex.1987). Upon request, the trial court filed findings of fact and conclusions of law.(CR1:297-99). A reporter's record of the divorce hearing is a part of the appellate record.(RR3:generally). Therefore, the findings of fact with regard to the divrce are not conclusive. Id.

"The insupportability ground of divorce is set out in section 6.001 of the family code. This ground, also known as a no-fault divorce, has three elements." Misigario v. Bassowou, 02-10-00473-CV, 2012 Tex. App. LEXIS 467 at * 5(Tex.App.-Fort Worth, Jan. 19, 2012)(not desig. for pub.)(quoting Cusack, 491 S.W.2d at 716-17)). These elements are: (1) that the marriage has become insupportable due to discord or conflict; (2) that the discord or conflict destroys the legitimate ends of the marriage; and (3) there is no reasonable expectation of reconciliation. Misigario, Id at *5; Dyer, 2011 Tex. App. LEXIS 5017 at *5. The party petitioning for a divorce on these grounds has a duty to establish the statutory elements with adequate evidence. Richards, 991 S.W.2d at 37.

Turning to the argument, although Appellee on direct-examination did testify that the marriage was insupportable, she did not testify as to whether it was based on discord or conflict.(RR3:12, 11.10-12). Appellee's mere allegation of insupportability was not enough to meet the statutory requirements. Richards, supra. Thus, Appellee's testimony falls short of that which is required to establish a prima facie case for a no-fault divorce. In re Marriage of Beach, 97 S.W.3d 706,708(Tex.App.-Dallas 2003, no pet.)(holding that a wife's testimony that her marriage was irreparable due to discord or conflict of personalities, together with her testimony that no chance of reconcile, established a prima facie case for a no-fault divorce)).

38.

Additionally, Appellee's testimony fails for another reason. The second element of the no-fault divorce statute requires that a petitioning party testify that a discord or conflict destroys the legitimate ends of the marriage. Tex. Fam. Code § 6.001; Misigario, 2012 Tex. App. LEXIS 467 at * 5. On direct-examination, Appellee never testified that a discord or conflict existed that destroyed the legitimate ends of the marriage.(RR3:12). In the absence of this testimony, Appellee has again failed to establish a prima facie case for a no-fault divorce. Beach, 97 S.W.3d at 708.

In the absence of the required testimony, Appellant argues that Appellee's testimony is insufficient to establish a prima facie case for a no-fault divorce. Beach, supra.

Relevant to the argument, is the trial court's findings of fact with regard to divorce are refuted by the reporter record. The trial court's findings of fact state "the marriage of Petitioner and Respondent has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation." (CR1:297, ¶ 3). At trial however, Appellee never testified that there was a discord or conflict, or that a discord or conflict destroyed the legitimate ends of the marriage.(RR3:12). Thus, the trial court's findings of fact are erroneous.

The only testimony before the trial court was that the marriage was insupportable, along with no reasonable expectation of reconciliation. Appellant argues that the trial court did not have sufficient evidence upon which to exercise its discretion. Watson, 286 S.W.3d at 519. With what is required of the no-fault divorce statute, the trial court erred in its application of discretion granting Appellee a divorce on ground of insupportability. Watson, supra.

Appellant also argues that there was no evidence of a substantive and proba-

tive character supporting Appellee's testimony. Therefore, the trial court abused its discretion. Granger, 236 S.W.3d at 855-56.

The only evidence before the trial court concerning Appellee's desire for divorce, was vacillating responses on the insupportability and seperation dates. (RR3:19-22). This cannot be considered substantive and probative. Appellee had also testified that she had drove to Appellant's prison unit in October 2011 for a visit.(RR3:23, 11.17-22). At this visit however, Appellee never advised Appellant that their marriage was over or in discord.(RR3:24, 11.3-18). Given the inconsistent and controverting nature of Appellee's testimony, the trial court abused its discretion in granting the divorce on insupportability. It is also noteworthy to point out that Appellee failed to introduce any evidence supporting insupportability, with the exception of the self-serving assertions that in all respects, do not establish a prima facie case for divorce.

It also bears repeating that Appellee signed an affidavit in support of Appellant's criminal motion for new trial on May 4, 2011.(CR1:25). Appellee filed a divorce on May 15, 2012, alleging a seperation date of February 11, 2011.(CR1: 9). Ironically, this is the same date as Appellant's arrest.(RR2:19). All this information was before the trial court at the time of the hearing.

The question remains, if February 11, 2011 was the date the marriage became insupportable, why did Appellee attest to facts to support Appellant as his wife that very well may have assisted Appellant in obtaining his freedom on May 4, 2011?

Another questions remains, if February 11, 2011 was the date the marriage became insupportable, why did Appellee travel some 300 miles one-way to see Appellant, never telling him his marriage to her was over or in discord?

These questions are central to the resolution of the claim. Appellant argues fairminded people could not reach the same judgment as the trial court did here. City of Keller, 168 S.W.3d at 807. The evidence is legally and factually insuf-

ficent, as a reasonable factfinder could not disregard the contrary evidence. Id at 827. The evidence is also factually insufficient, as the weight of the evidence is against the finding of granting a divorce on insupportability. Dow Chem. Co., 46 S.W.3d at 242.

Accordingly, Appellant contends the judgment should be reversed and the case remanded for a new trial. Alternatively, Appellant contends the judgment should be reversed and rendered, finding that the marriage between Appellant and Appellee is supportable with reasonable expecation of reconcilation.

## ARGUMENT

ISSUE 6: The trial court abused its discretion erroneously admitting evidence.

Appellant contends the trial court abused its discretion in admitting Appellee's three exhibits.

"When objectionable evidence is offered at trial, the party that believes the evidence is not admissible must object." Clark v. Trailways, 774 S.W.2d 644, 647(Tex.1989). "If a party does not object to the evidence, it waives any error in its admission." Tex. R. App. Pro. 33.1(a)(1); Service Corp., 348 S.W.3d at 234.

During trial, Appellee tendered exhibit one (Ex.1) to the trial court.(RR3: 14, 11.10-11). Appellant objects to its admission on authenticity and untimely delivered exhibits.(RR3:14, 11.12-15 thru 15, 11.1-3). The trial court admitted the evidence, stating the letter is original and bore Appellant's signature.(RR 3:15, 11.4-6).

Appellee also tendered exhibit two (Ex.2) to the trial court.(RR3:15, 11.24-25). Appellant again objects to its admission on authenticity and untimely delivered exhibits.(RR3:16, 11.3-4). The trial court again admitted the evidence. (RR3:16, line 7).

And lastly, Appellee tendered exhibit three(Ex.3) to the trial court.(RR3: 16, 11.18-19). Appellant again objects to the admission on authenticity.(RR3:

41.

17, 11.2-3).

Appellant contends that his objections to all three exhibits were specific, and timely objections preserving the errors for appellate review. Service Corp., 348 S.W.3d at 234.

"The admission and exclusion of evidence is committed to the trial court's discretion." Strong, 350 S.W.3d at 763(quoting City of Brownsville v. Alvarado, 897 S.W.2d 750,753(Tex.1995). "The trial court abuses its discretion when it acts without regard for any guiding rules or principles." Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35,43(Tex.1998); Strong, supra. An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for doing so. Strong, Id at 763.

To obtain a reversal based on the erroneous admission of evidence, the appellant should show three elements: (1) the trial court erroneously admitted evidence, (2) the admitted evidence was crucial to a key issue and was not cumalative of other evidence, and (3) the error probably caused the rendition of an improper judgment. Tex. R. App. Pro. 44.1(a)(1); Nissan Motor Co. v. Armstrong, 145 S.W.3d 131,144(Tex.2004); Strong, Id at 764.

If evidence is erroneously admitted, the appellate courts will apply the harmless-error review under Tex. R. App. Pro. 44.1(a); to determine whether the error is reversible. Owens-Corning, 972 S.W.2d at 43.

As a threshold matter, Appellant received the three letter exhibits from Appellee just 45 minutes before the September hearing.(RR3:4, line 25 thru 5, 11. 1-7). Appellant had also advised the trial court that this material was part of his original request for production.(RR3:5, 11.10-12). Appellant also pointed out this was Appellee's trial counsel's second time to belatedly provide him documents.(RR3:6, 11.7-12).

It is noteworthy to point out that Sheeran had in her possession, letters given to her by Appellee allegedly from Appellant prior to the July 7th hearing.

42.

(RR2:10, 11.14-15). Appellant even reminded the trial court of this fact by testifying that he filed a request for production, but nothing was ever produced.(RR3:6, 11.13-17). Appellant also pointed out that "now some three months later" he was being provided documents, despite the fact that the discovery period was closed prior to the September hearing.(RR3:6, 11.19-21).

In discussion of this claim, Appellant refers to Appellee's trial exhibits' one, two and three, collectively as exhibits, since they were all introduced to refute and defeat Appellant's counterpetition on property issues. Likewise, they were all objected to on the same basis. Appellant now turns to the argument.

The trial court erred in admitting the exhibits in two ways. First, given the untimely delivery of these exhibits, they were precluded from admissibility. Appellant's objections on that basis was proper in light of the deliberate act by Sheeran of "ambushing" Appellant. It bears repeating that Appellant, is an inexperienced, pro se litigant. Appellant cannot have known that Appellee was seeking to introduce the exhibits well in advance of the trial, since he did not know of their existence until just 45 minutes prior to the hearing.

Given Appellant's pro se status, he was ill-equipped to handle a situation such as this, a short-coming not attritutable to him. This is because Sheeran "sat on the letters" since before the July 7th hearing.(RR2:10, 11.14-15). This "surprise" tactic, deprived Appellant of adequate time to prepare his objection and rebuttals to the admission of the exhibits.

On that basis alone, it was error for the trial court to allow the evidence. The admitted evidence was crucial to Appellee's case, that it was admitted to refute claims of fraud, and other issues with property. These exhibits were the only evidence before the trial court. Appellant argues the three elements have been met; therefore, the admission of this evidence caused rendition of an improper judgment. Strong, Id at 764.

In conducting a harm analysis, Appellant's counterpetition claims were de-

43.

feated solely on Sheeran's egregious violation of the discovery rules. Appellant timely requested for production, but nothing was ever provided initially. c.f. (CR1:255, req. numb. 25); (CR1:261-Sheeran noting refusal to answer in pertinent part, numb. 25 under Tex. R. Civ. Pro. 190.2). Appellant only learned of the existence of some letters allegedly from him, only 45 minutes prior to the hearing.(RR3:4, line 25 thru 5, 11.1-7).

Since the discovery period was closed prior to the September hearing, the trial court acted without regard to the discovery rules, or to Appellant's objections. The trial court even acknowledged the discovery period was closed prior to the hearing.(RR3:7, 11.19-21). Appellant contends the trial court abused its discretion in admitting the evidence. Strong, 350 S.W.3d at 763. There was no legitimate basis for the trial court's evidentiary ruling, rendering this a reversible error. Service Corp., 348 S.W.3d at 236.

Aside from the untimely delivery of the exhibits, the trial court's admitting the exhibits was erroneous, since issues of authenticity were raised by Appellant prior to their admission. Appellant pointed out that he had just received the exhibits, and was not provided any copies of the alleged letters envelopes with postal marks on them.(RR3:6, 11.3-5). Appellant also alleged they could have been fabricated.(RR3:6, 11.5-6).

For these exhibits to have been admissible under Tex. R. Evid. 901, authentication or identification is required as a condition precedent. In re G.F.O., 874 S.W.2d 729,731(Tex.App.-Houston[1st Dist.] 1994, no writ). Under 901(b)(3), the trier of fact is required to compare handwriting and signature of Appellant to another specimen that was found to be genuine. Tex. R. Evid. 901(b)(3). The trial court here, simply said "[P]etitioner's Exhibit one is an original letter with your signature."(RR3:15, 11.4-5)(emphasis added). The record does not reflect the trial court conducting a comparsion of handwriting or signature.(RR3: generally).

44.

As noted earlier, Appellant was ill-equipped to handle a situation like this. It is clear from the record that Sheeran "sat" on these letters allegedly from Appellant for approximately three months, and only a mere few days before a hearing, decided to send them. Appellant was essentially a "sitting-duck." Appellant was unable to review case law, or review the rules of evidence prior to the hearing to assert a proper challenge.

Appellant argues the three elements have been met; therefore, the admission of this evidence caused rendition of an improper judgment. Strong, Id at 764. In conducting harm analysis, Appellant was without an opportunity to examine the exhibits well in advance of the trial. Appellant contends the trial court abused its discretion in admitting the evidence. Id at 763. There was no legitmate basis for doing so, rendering this a reversible error. Service Corp., 348 S.W.3d at 236.

Accordingly, Appellant contends the judgment should be reversed and the case remanded for a new trial.

## ARGUMENT

ISSUE 7: The trial court's findings of fact are legally and factually insufficient.

Appellant contends the trial court's findings of fact with regard to Divorce, Division of Marital Estate, and Marital Estate Reimbursement Claims and Marital Estate Factors Considered in Just and Right Division of Property is legally and factually insufficient.

An Appellant should treat the findings of fact as if they were jury findings and challenge all findings for legal and factual sufficiency. Catalina v. Blasdel, 881 S.W.2d 295,297(Tex.1994). Where a reporter's record is a part of the appellate record, findings of fact are not conclusive on appeal. Zac Smith & Co., 734 S.W.2d at 666.

On the trial court's findings on divorce, Appellant points this court's at-

45.

tention to the argument raised on the sufficiency of the divorce on insupportability. ante at 38-41.

On the trial court's findings on division of the marital estate, the court noted that Appellant owned "one truck(in parts) worth $500.00."(CR1:297). Appellant filed an unopposed unsworn declaration of inventory of property.(CR1:122-26). The findings are erroneous because the only vehicle Appellant owned prior to the marriage was a 1995 Ford Mustang GT/GTS, valued at an estimated $45,000 market value.(CR1:122, ¶ 2). Moreover, nowhere in Appellant's unopposed inventory of property, nor anywhere else for that matter, was there any evidence that a vehicle was in parts.(CR1:generally); (RR2:generally);(RR3:generally).

The trial court also undercut the value of Appellant's seperate property when it valued his Ford Mustang at $500 labeling it a Ford Truck, when in fact, it was valued at an estimated $45,000. Appellee failed to object at trial, or lodge any contest to the value of the vehicle. Therefore, she has waived any error regarding the issue.

The trial court also ignored Appellant's other seperate property labeled in ¶'s 1, 3, 4, 5 and 6. Appellant was only given $500.00 for one vehicle, that was worth substantially more, and was not given compensation for the other remaining seperate items. Therefore, the trial court's findings of fact on the division of seperate property is not supported by the record.

On the trial court's findings on the just and right division of property, Appellant contends the trial court ignored the value of the community estate. In Appellant's unopposed unsworn declaration of inventory of property, he valued the community estate to be worth $16,300.(CR1:126). The trial court only compenstated Appellant for $500.00.(CR1:298). Therefore, the trial court's findings of fact on the just and right property division is not supported by the record.

Therefore, the trial court's findings of fact are not conclusive. Zac Smith & Co., 734 S.W.2d at 666.

46.

Appellant also requests that this court conduct de novo review to the trial court's conclusions of law. Hydrocarbon Mgmt. v. Tracker Expl., Inc., 861 S.W. 2d 427,431(Tex.App.-Amarillo 1993, no writ). The trial court's legal conclusions are not binding on an appellate court; appellate courts are free to draw their own legal conclusions. Pegasus Energy Grp. v. Cheyenne Pet. Co., 3 S.W.3d 112,121(Tex.App.-Corpus Christi 1999, pet. denied). Appellant argues the trial court's judgment is not supported by the evidence under any correct legal theory. City of Houston v. cotton, 171 S.W.3d 541,546(Tex.App.-Houston[14th Dist.] 2005, pet. denied).

ARGUMENT

ISSUE 8: The trial court abused its discretion in refusing to rule on Appellant's motion for issuance of a bench warrant.

Appellant contends the trial court abused its discretion in refusing to rule on his second bench warrant request that was timely filed.

"A trial court's decision to grant or deny a prisoner's bench warrant request is reviewed for an abuse of discretion." Dodd v. Dodd, 17 S.W.3d 714,716(Tex.App.-Houston[1st Dist.] 2000); Pedraza v. Crossroads Sec. Sys., 960 S.W.2d 339,342 (Tex.App.-Corpus Christi 1997, no writ).

A prisoner in Texas has a constitutional right to access to the courts, but only a qualified right to appear personally at a civil proceeding. Dodd, supra. In determining whether a personal appearance is warranted, "an appellate court has held that the trial court must balance, by considering various factors, the government's interest in protecting the integrity of the correctional system against the prisoner's right of access to the courts." Nance v. Nance, 904 S.W.2d 890,892(Tex.App.-Corpus Christi 1995, no writ). Key factors include whether an inmate is represented by counsel, or pro se, and whether the inmate is a civil defendant rather than a plaintiff. Dodd, Id at 717.

Appellant in this case was a defendant in a divorce proceeding, whom had

47.

timely filed a demand for a jury trial.(CR1:103-05). At the time of his request, there were issues of material fact to be resolved. Appellant filed a motion for issuance of a bench warrant on June 20th, 2014.(CR1:129-33). Appellant articulated the reasoning, i.e., effectively argue, present evidence, cross-examine the Appellee, and allow the factfinder an opportunity to view the credibility and demeanor of Respondent and Petitioner, or any other witnesses.(CR1:129-30).

Appellant also articulated the Stone v. Morris factors as set forth in Stone v. Morris, 546 F.2d 730,735-36(5th Cir.1976).(CR1:130-32). Since Appellant provided the court with information concerning the Stone factors, he argues the trial court abused its discretion. Ringer v. Kimball, 274 S.W.3d 865,868(Tex. App.-Fort Worth 2008, no pet.).

In the decree of divorce, the trial court faulted Appellant for not being able to get his request for bench warrant approved.(CR1:223). The trial court stated Appellant's non-appearance is considered by law as a waiver of a jury trial.(CR1:223). This is not true, and refutted by case law.

Appellant's failure to appear in person at the trial was not intentional or the result of conscious indifference, but occured only because the trial court failed to issue a bench warrant. See Zuniga v. Zuniga, 13 S.W.3d 798,803(Tex. App.-San Antonio 1999)(holding Mario's failure to appear or to be heard was not intentional or the result of conscious indifference, but occured only because the trial court failed to issue a bench warrant)).

Appellant pursued the only means of requesting a bench warrant by filing his motion. He was not required to do more. The trial court was aware a jury trial demand was in the record. Therefore, Appellant's absence from the trial in person, caused harm to his case, because he was unable to effectively cross-examine Appellee, or to adequately present his case.

Accordingly, Appellant contends that the trial court abused its discretion, and requests that the judgment be reversed and the case remanded for a new trial.

48.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this court reverse and remand the case for a new trial. Alternatively, Appellant prays that this court reverse and render the judgment the trial court should have. Appellant further prays that this court enter any other relief that is just and equitable.

## CERTIFICATE OF SERVICE

I hereby certify that an original of this brief was delivered to prison authorities for mailing by dropping the same into the prison unit internal mailing system, for first-class postage pre-paid by U.S. Mail, to the Thirteenth Court of Appeals, 901 Leopard 10th Floor, Corpus Christi, Texas 78401, and that a copy of this brief was delivered to prison authorities for mailing by dropping the same into the prison unit internal mailing system, for first-class postage pre-paid by U.S. Mail, to Appellee's appeal attorney, Danice Obregon, 802 N. Carancahua, Ste. 2100 Corpus Christi, Texas 78401, on this the 12th day of December, 2015.

The mail-box rule for a prisoner has been invoked.

49.

Frankie Nealy # 1714921
Ellis Unit
1697 FM 980
Huntsville, TX 77343

Thirteenth Court of Appeals
Clerk of the Court
901 Leopard, 10th Floor
Corpus Christi, TX 78401

**RECEIVED**

DEC 17 2015

13th COURT OF APPEALS

December 12, 2015

RE: 13-14-00689-CV Frankie Nealy v. Robin Nealy
    Appellant's brief

Dear Clerk,

Please find enclosed an original of the Appellant's brief. Some time back I filed a motion to suspend the required copies of the brief, since I am incarcerated. This motion was granted by the Court.

In a few days, I will be filing a motion to suspend Rule 38.1(k) of the Tex. R. App. Pro. that requires an appendix in civil cases. I am an inmate in prison, without access to a photocopy machine.

By copy of this brief, I have served Appellee's appellate counsel. Please file the brief with the Court at your convenience.

Please note that I placed this letter, Appellant brief and the accompanying envelope in my prison internal mail system on today, December 12, 2015. This should invoke the "prisoner mailbox rule."

I thank you for your time and attention to my request. Should you have any questions, please contact me at the address above.

encl.
CC;File
Obregon

Sincerely yours,